[Cite as *State v. Graf*, 2014-Ohio-3603.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| ANITA L. GRAF | : | Case No. 13-CA-59 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING: Appeal from the Fairfield County
Court of Common Pleas, Case No.
2012-CR-275


JUDGMENT: Reversed and Remanded


DATE OF JUDGMENT: August 18, 2014


APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

GREGG MARX                                    SAMUEL H. SHAMANSKY
Fairfield County Prosecuting Attorney         DONALD L. REGENSBURGER
                                              COLIN E. PETERS
By: TIANNI S. HARRISON                        KRYSTIN N. MARTIN
Assistant Prosecuting Attorney                523 South Third Street
239 W. Main Street, Ste. 101                  Columbus, OH 43215
Lancaster, OH 43130

*Baldwin, J.*

{¶1}    Appellant Anita L. Graf appeals a judgment of the Fairfield County Common Pleas Court convicting her of complicity to illegal assembly or possession of chemicals for the manufacture of drugs (R.C. 2925.041), trafficking in marijuana (R.C. 2925.03), and possession of marijuana (R.C. 2925.11), each count including a firearm specification (R.C. 2941.141).  Appellee is the State of Ohio.

### STATEMENT OF FACTS AND CASE

{¶2}    This case arose in the afternoon of June 19, 2012 when members of the Fairfield County Sheriff's Office SCRAP Unit (Street Crime Reduction and Apprehension Program) performed a "knock and talk" at appellant's rural Berne Township residence in Fairfield County, Ohio. The Fairfield–Hocking Major Crimes Unit had received two anonymous tips alleging that a marijuana grow operation and methamphetamine lab were located on the property.

{¶3}    Two people were known to live at the residence: appellant and her boyfriend, Neil Morgan. Deputy Lyle Campbell knew appellant and Morgan from an earlier encounter, also a "knock and talk," involving an allegation of drug activity. Morgan was alleged to be a member of an outlaw motorcycle gang called "The Avengers."

{¶4}    The SCRAP Unit officers planned their approach prior to their arrival at appellant's residence. Campbell would approach the front door, knock, and ask to speak with appellant and Morgan, while four additional officers would spread out and take up

positions around the perimeter of the residence for "officer safety" and to ensure that no one left through the back of the residence.

{¶5}   When the officers arrived, one motorcycle was parked in front of the residence, a Harley–Davidson model registered to Morgan.   Appellant answered the door when Campbell knocked. Campbell identified himself, stated he was there because of complaints of drug activity, and asked if he could come in. Appellant stated she needed to put her dog away and closed the door.

{¶6}   Almost immediately as appellant closed the door, Sgt. Hamler advised Campbell that two officers in the rear of the residence had observed marijuana plants on a rear deck. Campbell knocked again and told appellant to come out. He heard people inside saying "hang on," but he decided to make an "exigent entry," opened the door partway, and announced "Sheriff's office, we're coming in." As he entered the residence, appellant and Morgan were walking toward the front door from the dining room.

{¶7}   Morgan and appellant were brought outside and officers swept the entire residence to ensure no additional occupants were inside.   They were detained outside the residence awaiting the arrival of a search warrant.

{¶8}   In the meantime, Deputy Luke Williams, also a member of the SCRAP Unit, arrived at appellant's residence and immediately walked through appellant's yard to the rear of the property for "officer safety." He observed an elevated rear deck containing seven potted marijuana plants. He notified the other officers immediately and word spread to Campbell, who was attempting to speak to appellant at the front door.

{¶9} After a warrant was obtained, officers searched appellant's house, her car, and the outside property. In the main bedroom where appellant had placed her dog, officers found an open safe containing cash, ammunition, marijuana, instructions for cooking methamphetamine, and two firearms. Officers also found six sets of digital scales, a bag of marijuana seeds, clippings from marijuana plants, and a book about marijuana in the bedroom. In the living room officers found pipes commonly used to smoke crack cocaine and methamphetamine, baggies, and marijuana seeds. Officers found a device used to cook methamphetamine in a wood-burning stove in the basement. In appellant's car, officers found more marijuana and traces of methamphetamine. Officers seized the marijuana plants that were growing on the back deck.

{¶10} Appellant was indicted by the Fairfield County Grand Jury with one count of illegal assembly of chemicals for the manufacture of drugs, trafficking in marijuana, and possession of marijuana. Appellant moved to suppress the evidence obtained during the search of the home. The parties stipulated that the testimony taken and evidence presented during Morgan's suppression hearing would be the same, and that the ruling on the motion to suppress filed by Morgan would be identical to the ruling in appellant's case.

{¶11} Photos of the property taken on June 19, 2012 were introduced at Morgan's suppression hearing. The photos depict a small bungalow-style home with a front door directly in the center, approached by a sidewalk and steps requiring a short descent to approach the house. The home is surrounded by a yard in front of a wooded area to the rear, with outbuildings, a motor home, and a tarp-covered vehicle. In front of

the covered vehicle is a yellow sign which is illegible in the photos but according to the uncontroverted testimony of appellant states "No Trespassing." A "no trespassing" sign is also posted in the front window of the residence. A door is visible at the side of the house. The elevated rear deck upon which the marijuana was observed is only visible from the rear of the property. The deck does not extend the length of the house and is sheltered on one side by a wall. The elevated deck contains seven pots of readily-apparent marijuana which can be seen through the balusters of the deck in the photographs.

{¶12} After the hearing, the court overruled Morgan's motion to suppress, and therefore appellant's motion to suppress was also overruled.

{¶13} The case proceeded to jury trial. Appellant was found guilty of complicity on count one, illegal assembly of chemicals for the manufacture of drugs. She was found guilty of trafficking in marijuana and possession of marijuana, and to complicity on both offenses. She was also convicted of the firearm specifications. The court found that counts two and three and the associated complicity charges merged for sentencing, and the state elected to proceed on count two, trafficking in marijuana. Appellant was sentenced to eighteen months incarceration on count one and fourteen months incarceration on count two, to be served consecutively, and consecutive to the firearm specifications on each count. The court suspended the sentence on count one for a three year period of community control, to begin upon appellant's release from prison.

{¶14} Appellant assigns three errors on appeal to this Court:

{¶15} "I. THE OFFICERS' ENTRY INTO THE CURTILAGE OF THE HOME WAS A SEARCH IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FOURTH

AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.

{¶16} "II.    APPELLANT WAS CONVICTED IN THE ABSENCE OF EVIDENCE SUFFICIENT TO SUPPORT A FINDING OF GUILTY IN VIOLATION OF HER RIGHT TO DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶17} "III.    THE STATE FAILED TO PROVE EVERY ELEMENT OF THE OFFENSES FOR WHICH APPELLANT WAS CONVICTED, AND THUS HER CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I.

{¶18}   Appellant argues that the trial court erred in overruling her motion to suppress, as the officers' entry into the curtilage of the home was a search in violation of the Fourth Amendment.

{¶19}   In *State v. Morgan*, 5th Dist. Fairfield No. 13-CA-30, 2014-Ohio-1900, we found that the entry into the curtilage in the instant case was a violation of the Fourth Amendment and the trial court therefore erred in overruling the suppression motion filed by Neil Morgan, appellant's co-defendant.   The parties in this case stipulated that the evidence on appellant's suppression motion would be identical to that presented in Morgan's case.   For the reasons stated in this Court's opinion in *Morgan, supra*, appellant's first assignment of error is sustained.

II., III.

{¶20}   Appellant's second and third assignments of error both challenge the evidentiary support for her convictions, and are rendered moot by our disposition of assignment of error number one.

{¶21}   The judgment of the Fairfield County Common Pleas Court is reversed. This matter is hereby remanded to that court for further proceedings consistent with this opinion.   Costs are assessed to appellee.

By: Baldwin, J.

Gwin, P.J. and

Farmer, J. concur.